# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00513-CR

**Mario Alberto Riojas-Contreras, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BURNET COUNTY, 424TH JUDICIAL DISTRICT
### NO. 40639, HONORABLE J. ALLAN GARRETT, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

This is an appeal pursuant to *Anders v. California*.[1] A jury convicted Mario Alberto Riojas-Contreras of the offense of aggravated assault with a deadly weapon.[2] Punishment was assessed at 18 years' imprisonment.

The jury heard evidence that on the night of June 30, 2012, Riojas-Contreras shot the victim, Jesus Fuentes, in the back with a .22 caliber rifle following a verbal altercation between the two men. Fuentes testified that during the altercation, he observed that Riojas-Contreras was holding a large knife and appeared to be intoxicated. According to Fuentes, he eventually walked away from Riojas-Contreras, while others who had witnessed the altercation (which occurred at a child's birthday party) demanded that Riojas-Contreras leave. Witnesses testified that Riojas-Contreras

---

[1] 386 U.S. 738 (1967).

[2] *See* Tex. Penal Code § 22.02(a)(2)

then got into his truck and drove it toward tables where many children and other guests were sitting. Party attendees then began to shout and throw beer bottles at Riojas-Contreras's truck, and he drove away.

Fuentes testified that approximately fifteen minutes later, while he was standing outside, he heard a gunshot, saw Riojas-Contreras's truck parked a short distance away from him, and proceeded to run away from what he assumed was an attempt to shoot him. Fuentes recounted that, as he fled, he was struck in the back by a bullet.[3] Julie Veloz, Fuentes' cousin, also attended the party that night and witnessed the shooting. She testified that she saw Riojas-Contreras return to the party, exit his truck with a "long" gun in his hand, and walk toward the porch where Fuentes was standing. Veloz recounted that Riojas-Contreras fired the gun in Fuentes's direction two or three times before returning to his truck and driving away. Veloz's daughter, who also observed the shooting, provided similar testimony.

As Riojas-Contreras was driving away, police officers arrived at the scene and apprehended him in his truck shortly thereafter. During the course of the arrest, police located a .22 caliber rifle and a knife in the truck. These items were admitted into evidence, as were a series of photographs depicting, among other things, the injury to Fuentes. Additionally, the jury heard recordings of two 911 calls related to the incident. Based on this and other evidence, the jury found Riojas-Contreras guilty of the offense of aggravated assault with a deadly weapon.

---

[3] Fuentes was subsequently airlifted to a hospital in Austin for emergency surgery during which one of his kidneys had to be removed.

During the hearing on punishment, the host of the party recounted that Riojas-Contreras had nearly hit her child with his truck when he drove it toward partygoers after he had been told to leave. She further testified that there were approximately twenty to twenty-five children present when Riojas-Contreras returned to the party, exited his vehicle, and began firing his rifle. After hearing this and other evidence, the jury assessed punishment as noted above, and the district court rendered judgment on the verdict. This appeal followed.

Riojas-Contreras's court-appointed counsel has filed a motion to withdraw supported by a brief concluding that the appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced.[4] Counsel has certified to the Court that he has provided copies of the motion and brief to Riojas-Contreras, advised him of his right to examine the appellate record and file a pro se response, and supplied him with a form motion for pro se access to the appellate record.[5] No pro se brief or other written response has been filed, including a motion for access to the appellate record.

We have independently reviewed the record and have found nothing that might arguably support the appeal.[6] We agree with counsel that the appeal is frivolous. Counsel's motion to withdraw is granted.

---

[4] *See* 386 U.S. at 744-45; *see also Penson v. Ohio*, 488 U.S. 75 (1988); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Jackson v. State*, 485 S.W.2d 553 (Tex. Crim. App. 1972).

[5] *See Kelly v. State*, 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014).

[6] *See Anders*, 386 U.S. at 744; *Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009); *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

The judgment of conviction is affirmed.

_____

Bob Pemberton, Justice

Before Justices Puryear, Pemberton, and Field

Affirmed

Filed:   August 12, 2015

Do Not Publish